IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RICO BLAKELY
ADC #124036                                                                                    PETITIONER

v.                                         CASE NO. 5:14CV00088 KGB-JTK

WENDY KELLEY[1], Director
Arkansas Department of Correction                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States

---

[1] Wendy Kelley replaced Roy Hobbs as Director of the Arkansas Department of Correction. Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this matter.

District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Introduction

A Clark County, Arkansas, jury found Petitioner, Rico Blakely, guilty of robbery, second degree battery, and theft of a credit/debit card. The Court sentenced Petitioner as a habitual offender to eighty-five (85) years' imprisonment in the Arkansas Department of Correction. Petitioner appealed his conviction to the Arkansas Court of Appeals, arguing the evidence was insufficient to support his conviction for theft of property. The appellate court affirmed the conviction on January 30, 2013. *Blakely v. State*, 2013 Ark. App. 37 (2013).

On March 13, 2013, Petitioner sought postconviction relief pursuant to Ark. R. Crim. P. 37.1. He advanced numerous grounds for relief: (1) evidence obtained pursuant to unconstitutional search and seizure, (2) evidence obtained pursuant to an unlawful arrest, (3) denial of fair and impartial trial, (4) actual or constructive denial of counsel, (5) juror misconduct, and (6) use of an alternate juror who attended the same church as the prosecutor in the sentencing phase. The circuit court denied the petition on July 17, 2013. Petitioner filed a notice of appeal in the circuit court, but no record was ever lodged in the Arkansas Supreme Court for appeal.

Petitioner filed this petition for habeas corpus on March 7, 2014. The petition was amended on April 10, 2014. In his petition, Petitioner raises five grounds: (1) trial counsel was ineffective because (a) he failed to file a motion to suppress State Exhibits E1-E6 that were obtained through an illegal search and seizure, (b) he failed to file a motion in limine to exclude witness testimony as his tainted initial and in-court identifications; (2) the evidence was seized by an unconstitutional search and seizure; (3) the evidence was seized pursuant to an unlawful arrest; (4) he was denied a fair and impartial trial due to leg shackles worn before the jury; and (5) ineffective assistance of Rule 37 counsel or the lack thereof of collateral review stage counsel.

Respondent admits Petitioner is currently in her custody but contends the petition should be dismissed because the claims are procedurally defaulted. Alternatively, Respondent asserts the claims were reasonably adjudicated.

Petitioner filed a Reply to the Response on May 14, 2014. In it, Petitioner notes that he does not assert in ground five that he had the right to post-conviction counsel as

Respondent contends. Instead, he asserts that the lack of counsel during his initial-review collateral proceeding is cause for his procedural default of his ineffective assistance of counsel claims because he lacked appointed counsel and the trial court failed to hold any hearing in state court on the Rule 37 petition.

For the reasons discussed below, the Court concludes that all of Petitioner's habeas claims are without merit and must be dismissed.[2]

## II. Discussion

On January 5, 2011, Lauren Cagle went to a car wash to see David Smith. When they were about to leave, Cagle testified that an African American male appeared from the stall where her car was parked, pushed her down, and demanded her and Smith's money. The male's arm was wrapped in a jacket as if he had a weapon. Smith pulled the assailant away from Cagle, but the assailant placed Smith in a headlock, took Smith's wallet and rain off. Cagle and Smith immediately went to the police station, gave the description of the assailant (African American and the clothing he wore). No photo line up was shown to either Cagle or Smith, but Cagle testified that she learned of the assailant's name through the newspaper, looked him up on Facebook, and recognized that the picture matched the name of the person that she saw the night of the robbery. Although Cagle did not tell law enforcement this

---

[2]Given the facts in this case, it is more efficient for the Court to proceed to the merits of Petitioner's allegedly defaulted habeas claims, rather than determine whether his lack of counsel during his Rule 37 proceedings satisfies the "cause" prong of the cause-and-prejudice exception to procedural default under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), and *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013). *See Trussell v. Bowersox*, 447 F.3d 588, 590-91 (8th Cir. 2006) (because procedural default is not a jurisdictional bar to federal habeas review, it can be bypassed "in the interest of judicial economy").

information, she identified Petitioner as the assailant at trial.

Officer Jason Jackson testified he was on patrol on the night of the incident when he noticed a car, traveling at a high rate of speed, run a stop sign. Officer Jackson stopped the vehicle and then heard over the radio that a robbery had just taken place two blocks away from where he stopped the vehicle. Officer Jackson testified that Petitioner matched the description of the assailant, and he took Petitioner into custody. After the arrest, Officer Jackson recovered a wallet that contained Mr. Smiths's identification from Petitioner's vehicle.

A. *Ineffective assistance of Rule 37 counsel or the lack thereof of collateral review counsel*

Because Petitioner establishes that he lacked counsel during his initial-review collateral proceeding, which can be cause for procedural default of his other ineffective-assistance-of-counsel claims under *Martinez*, *Trevino*, and *Sasser*, the Court will address his last argument first.

Petitioner asserts that the lack of counsel during his initial-review collateral proceeding is cause for his procedural default of his ineffective assistance of counsel claims because he lacked appointed counsel and the trial court failed to hold any hearing in state court on the Rule 37 petition.

Petitioner represented himself pro se in his Rule 37 proceeding, and the trial court was not required to hold a hearing under the rule. "A trial court may conclude from the record that postconviction relief sought pursuant to Rule 37 should be denied and that no hearing is necessary." *Smith v. State*, 300 Ark. 291, 295, 778 S.W.2d 924, 926 (1989). Furthermore,

the "ineffectiveness or incompetence of counsel during . . . State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i) (2006).

Under *Martinez*, *Trevino*, and *Sasser*, Petitioner may establish cause to excuse default of his ineffective-assistance-of-counsel claims because he lacked appointed counsel during the initial-review collateral process. To utilize this exception to overcome his procedural default, however, Petitioner must first demonstrate that his defaulted ineffective-assistance-of-counsel claims have "some merit." *Martinez*, 132 S.Ct. at 1318. A procedural default does not bar a "substantial claim of ineffective assistance of trial counsel if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. A "substantial claim" does not include claims that are without merit or "wholly without factual support." *Id.* at 1319. This exception only applies to ineffective assistance of trial counsel claims, and it is not extended to ineffective assistance of appellate counsel claims. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (pet. for cert. filed, No. 14-8782, March 10, 2015). As addressed above, Plaintiff's claims lack merit.

B. *Petitioner's Ineffective Assistance of Counsel Claims*

### 1. Counsel's failure to file a motion to suppress

Petitioner contends that his trial counsel was ineffective for failing to file a motion to suppress some of the state exhibits that were obtained through the illegal search and seizure of his vehicle following an invalid traffic stop. "Failure to file a meritorious motion to

suppress can constitute ineffective assistance of counsel if it resulted in prejudice." *Eastin v. Hobbs*, 688 F.3d 911, 915 (8th Cir. 2012).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court articulated the two-part standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective: first, whether the attorney's conduct was professionally unreasonable under the circumstances; and second, whether the attorneys conduct prejudiced the defendant's defense. *Id.* at 688. An attorney's performance is deficient when it falls below "an objective standard of reasonableness." *Id*. The defendant is prejudiced by the inferior performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

First, on direct appeal, Petitioner did not raise this argument and only challenged the sufficiency of the evidence. Second, when raised in his Rule 37 petition, the trial court found that Petitioner's argument of an unlawful search and seizure was incognizable in post-conviction proceedings. Third, an officer can conduct a traffic stop of a vehicle for any traffic violation, however minor, even if the stop is pretextual. *See United States v. Perez*, 200 F.3d 576 (8th Cir. 2000) (following to close); *United States v. Beatty*, 170 F.3d 811 (8th Cir. 1999) (no working light illuminating license plate); *United States v. Lyton*, 161 F.3d 1168 (8th Cir. 1998) (following too close). Thus, even if preserved, Petitioner has not provided a basis for his assumption that a motion to suppress would have been meritorious, and it is his burden to show prejudice from the alleged ineffective assistance of counsel. The trial court reasonably applied *Strickland* and concluded Petitioner had failed to meet his

burden of showing he was prejudiced.

### 2. Counsel's failure to file a motion in limine to exclude witness testimony of his tainted and in-court identifications

In his second claim, Petitioner asserts counsel should have filed a motion in limine to exclude witness testimony concerning his identification as the assailant. In general, a motion in limine requests a pretrial ruling on an evidentiary matter. *See Black's Dictionary* (8th ed. 2004). Even assuming Petitioner could establish that his trial counsel was deficient because he failed to file a motion in limine, Petitioner has made no showing that his trial counsel's deficiency prejudiced his defense. Specifically, Petitioner has not demonstrated prejudice by showing that this motion would have been granted or that this testimony would have been excluded had counsel filed this motion. Thus, Petitioner has not met the requirements of *Strickland*.

Finally, in consideration of *Martinez*, *Trevino*, and *Sasser*, Petitioner cannot establish cause for these ineffective-assistance-of-counsel claims because he has failed to show they have some merit.

C. *Unconstitutional Search and Seizure*

Petitioner contends next that police had no reason to treat his stop as anything other than a routine traffic stop.

First, Petitioner should have raised this argument before trial or during trial if he wished to preserve it. On direct appeal, Petitioner did not raise this argument and only challenged the sufficiency of the evidence. *See Coleman v. Thompson*, 501 U.S. 722 (1991)

(principles of federalism dictate that the state courts should have a proper opportunity to address claims of constitutional error asserted by a person convicted in state court before those claims are presented to a federal court). Second, when raised in his Rule 37 petition, the trial court found that Petitioner's argument of an unlawful search and seizure was incognizable in post-conviction proceedings. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure as introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Third, Petitioner has failed to establish cause to excuse the default or actual prejudice. Fourth, to the extent Petitioner asserts that the reason this claim was not raised before trial or during trial was due to ineffective assistance of trial counsel, that argument has been addressed above in section A1.

D.  *Evidence Seized pursuant to an Unlawful Arrest*

Plaintiff further argues that, according to officer testimony at trial, he was stopped for a moving violation yet was not ticketed for it. He asserts that the time that he was detained when compared to the time the robbery bulletin was announced over police dispatched do not coincide.

First, Petitioner should have raised this argument before trial or during trial if he wished to preserve it. On direct appeal, Petitioner did not raise this argument and only challenged the sufficiency of the evidence. *See Coleman v. Thompson*, 501 U.S. 722 (1991) (principles of federalism dictate that the state courts should have a proper opportunity to

address claims of constitutional error asserted by a person convicted in state court before those claims are presented to a federal court). Second, when raised in his Rule 37 petition, the trial court found that Petitioner's argument of an unlawful arrest was incognizable in post-conviction proceedings. *See United States v. Crews*, 445 U.S. 463, 474 (1980) ("An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction."). Third, Petitioner has failed to establish cause to excuse the default or actual prejudice.

Under *Martinez,* Petitioner cannot excuse the procedural default because the claim lacks merit. "Any traffic violation, however minor, provides probable cause for a traffic stop." *United States v. Adler*, 590 F.3d 581, 583 (8th Cir. 2009) (quoting *United States v. Wright*, 512 F.3d 466 (8th Cir. 2008)). Even if the officer was mistaken in concluding that a traffic violation occurred, the stop does not violate the Fourth Amendment if the mistake was an objectively reasonable one. *See United States v. Washington*, 455 F.3d 824, 826 (8th Cir. 2006). Moreover, the existence of probable cause in fact to make a warrantless arrest depends upon whether, at the moment the arrest was made, the facts and circumstances within the arresting officer's knowledge, and of which he had reasonably trustworthy information, were sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense. *United States v. Everroad*, 704 F.2d 403, 405-06 (8th Cir. 1983). Probable cause does not require a prima facie showing of criminal activity, but only the probability of criminal activity. *See id.* at 406. "The determination of whether probable cause exists must not rest on isolated facts; rather it depends on the cumulative

effect of the facts in the totality of circumstances." *Id.*

Here, it was during a routine traffic stop of Petitioner's vehicle that the officer testified he received word of a robbery nearby and determined Petitioner matched the description of the assailant. Additionally, the officer found a victim's wallet in Petitioner's vehicle. Giving deference to the state court's findings of fact, the officer reasonably arrested Petitioner.

E. *Denial of Fair and Impartial Trial due to leg shackles worn before the jury*

Petitioner's fourth claim is that he was denied a fair and impartial trial due to trial counsel's failure to object to the leg shackles he wore during trial.

First, Petitioner should have raised this argument during trial if he wished to preserve it. On direct appeal, Petitioner did not raise this argument and only challenged the sufficiency of the evidence. *See Coleman v. Thompson*, 501 U.S. 722 (1991) (principles of federalism dictate that the state courts should have a proper opportunity to address claims of constitutional error asserted by a person convicted in state court before those claims are presented to a federal court). Second, while raised in his Rule 37 petition, Petitioner did not appeal the trial court's decision. Third, Petitioner has failed to establish cause to excuse the default or actual prejudice. Fourth, to the extent Petitioner claims ineffective assistance of counsel and can establish cause under *Martinez, Trevino, and Sasser*, the argument fails because Petitioner cannot show counsel's performance was deficient for failing to object or that the result of the trial would have been different. *See Hellum v. Warden*, 28 F.3d 903, 907 (8th Cir. 1994) (finding a trial court's decision to permit shackles is "accorded broad

discretion and may be reversed only for abuse.").

### III. Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

### IV. Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE ## 1 and 8) be denied and dismissed without prejudice.

SO ORDERED this 2nd day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE